IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VALERIE DAVIS et al.,

    Plaintiffs,

v.                                                        CASE NO.  4:13cv31-RH/CAS

FLORIDA AGENCY FOR HEALTH
CARE ADMINISTRATION,

    Defendant.

_____/

**NOTICE OF *EX PARTE* FILING**

    The nonparty witness Thomas Asbury, though his father, has submitted materials as attachments to an email to the court's staff, apparently for consideration in connection with a hearing scheduled later today.  The submission violates the court's rules.

    First, the email does not indicate that a copy was provided to the attorneys for the parties.  It is improper for a person to attempt to communicate with the judge without providing a copy of the communication to the attorneys for the parties.

Second, it also is improper to seek relief by email to the judge's staff rather than by filing with the clerk of court a pleading or motion in the form required by Local Rule 5.1.  There are good reasons for this rule.  The clerk maintains a record of, and tracks the status of, any motion or other filing, but the clerk of course cannot do this for communications sent directly to the judge.  By bypassing the clerk, a person imposes on the judge the administrative burden of filing and tracking that properly rests with the clerk.  With many hundreds of pending cases, a judge simply cannot be responsible for doing the judge's own filing and case tracking; a judge who attempted to take on that burden would have no time left to actually consider the many motions that are submitted daily.

In the unusual circumstances of this case, these attachments will be docketed and will become part of the record.  This will make the materials available to the parties.  Because the materials deal with a nonparty's mental condition, the materials will be maintained under seal, at least initially.

For these reasons,

IT IS ORDERED:

1.   The clerk must docket the materials submitted today by email and must maintain them under seal.

2.   Unless authorized by a court order, no further materials may be submitted to the judge or the judge's staff rather than to the clerk of court, and

materials that are not submitted through the court's electronic filing system must be submitted in hard copy—not electronically—and a copy must be provided to each attorney of record.

SO ORDERED on March 26, 2014.

s/Robert L. Hinkle
United States District Judge
